*C. H. & R. S. Cohen,* for defendant.

---

## BROOKS *et al. v.* RAWLINGS.

The question raised in this case, as to whether the grant of a nonsuit was error, is controlled by the decision in the same case on a former review by this court.

No. 2443. DECEMBER 15, 1921.

Equitable petition. Before Judge Hardeman. Washington superior court. November 30, 1920.

Isabella Brooks and others brought suit against C. G. Rawlings, to reform a certain deed, and for an accounting. The plaintiffs contended that the deed, absolute on its face, was procured by fraud, and that possession of the land embraced therein was obtained by fraud; that the deed was intended as a security deed, and was made to secure a debt, but after the defendant entered into possession of the land he began to assert absolute title thereto; that possession was delivered in order that the defendant might rent out the lands, collect the rents, and apply them to the secured debt. The prayers were that the deed be so reformed as to speak the real contract, and that it be declared to be a security deed; and for accounting.

A demurrer to the petition was filed, which was overruled. No exceptions pendente lite were taken, and upon the first trial of the case the court granted a nonsuit. This judgment was reversed by the Supreme Court (*Brooks* v. *Rawlings,* 138 *Ga.* 310, 75 S. E. 157), the court holding that inasmuch as no ex-

ceptions pendente lite were taken to the overruling of the demurrer, and the evidence proved the case substantially as laid in the petition, it was error to grant a nonsuit. The case came on again for trial, and upon motion of the defendant the court granted a nonsuit; to which ruling the plaintiffs excepted.

*Adams & Camp,* and *Hines, Hardwick & Jordan,* for plaintiffs.

*A. R. Wright, Rawlings & Wood,* and *Jordan & Harris,* for defendant.

BECK, P. J. (After stating the foregoing facts.) When this case was here before (*Brooks* v. *Rawlings,* 138 *Ga.* 310), it was held: "Where a demurrer was filed to an equitable petition seeking the reformation of a deed to land because of alleged fraud in its procurement, which demurrer was overruled, but no exception was taken to this judgment, and the plaintiff offered evidence substantially proving the case as laid in the petition, it was reversible error for the court, at the conclusion of the plaintiff's evidence, to grant a nonsuit." That ruling is contolling in the present case. The petition is the same as it was before. The evidence offered is substantially the same. The defendant in error insists that the evidence is different in material particulars, pointing out that it appears affirmatively now that the parties who signed the deed which they seek to have set aside could read. That fact appears inferentially from the evidence submitted on the former trial. There was evidence which would have authorized the jury to find at the former trial that the parties signing the deed alleged to have been fraudulently procured were able to read. The holding of the court in the decision of this case as reported in 138 *Georgia Reports* is not based upon the proposition that such fraud was shown as would authorize the plaintiffs to have the same set aside or reformed, but that the plaintiffs in that case brought a petition to reform the deed, setting forth the grounds upon which they based their contention that it should be reformed; that the sufficiency of that petition was demurred to, and the demurrer was overruled, and defendant did not except to the ruling; and the court then held, that, the demurrer having been overruled, it was a conclusive determination that a right of action existed in favor of plaintiffs, and that they, subsequently to the overruling of the demurrer,

having substantially proved their case as laid, were entitled to recover, and the grant of a nonsuit was error. And under that decision the second grant of a nonsuit was necessarily error.

*Judgment reversed. All the Justices concur.*